﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/24/19

DOCKET NO. 190412-8896
DATE: July 25, 2019

ORDER

Entitlement to an effective date of June 15, 2011, for the award of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted.

FINDINGS OF FACT

The Veteran submitted a claim for entitlement to a TDIU in June 2011 which the RO denied in an April 2013 rating decision. 

In May 2013, the Veteran submitted new and material evidence showing that he was unable to secure or follow a substantially gainful occupation due to his service-connected PTSD.

CONCLUSION OF LAW

The criteria for an effective date of June 15, 2011, for entitlement to a TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.156(b), 3.340, 3.341, 4.16. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

In August 2018, the Veteran elected to opt-in RAMP and selected the Direct Review lane when he submitted his notice of disagreement in April 2019. As such, the Board will consider only the evidence submitted prior to the January 2019 rating decision that denied an earlier effective date for the grant of entitlement to a TDIU. 

Entitlement to an effective date earlier than May 22, 2013, for the grant of entitlement to a TDIU

The Veteran asserts that he was unable to secure or follow a substantially gainful occupation prior to May 22, 2013, due to his service-connected disabilities.

Unless specifically provided otherwise in the statute, the effective date of an award based on an original claim for compensation benefits shall be the date of receipt of the claim or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

By way of history, the Veteran filed a claim for entitlement to a TDIU on June 15, 2011. In an April 2013 rating decision, the RO denied the Veteran’s claim because the evidence did not show that he was unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities.

In May 2013, the Veteran submitted two separate medical opinions stating that his service-connected PTSD symptoms render him unable to obtain and maintain employment. The opinions were based on a thorough review of the Veteran’s medical and employment history and were supported by adequate rationales. The Veteran also requested a reconsideration of the April 2013 rating decision denying entitlement to a TDIU.

In May 2016, the Veteran again filed a claim for entitlement to a TDIU. In a March 2017 rating decision, the RO granted entitlement to a TDIU from May 22, 2013, the date the VA received the Veteran’s claim for reconsideration. In June 2017, the Veteran filed a claim requesting a reconsideration of the effective date assigned for the award of his TDIU. 

In this case, the Veteran submitted additional evidence during the appellate period following the April 2013 rating decision that denied entitlement to a TDIU. This evidence was new, as it was not before agency decision makers at the time of the April 2013 decision, and is material because it provided a link between the Veteran’s service-connected PTSD and his inability to obtain or maintain substantially gainful employment. Since new and material evidence was submitted during the applicable appellate period following the April 2013 rating decision, that decision did not become final. As the claim was not subsequently readjudicated, the claim has been pending since the April 2013 decision. 38 C.F.R. § 3.156(b).

The evidence of record shows that the Veteran last worked full time in February 1991. See December 2016 VA Form-21-8940.

As previously noted, an effective date is assigned based on the date of the claim or the date entitlement arose, whichever is later. In the present case, the date of the claim on June 15, 2011, is later than the date entitlement arose.

The Board acknowledges the Veteran’s argument that the April 2013 rating decision denying entitlement to TDIU was based on clear and unmistakable error (CUE). However, as noted above, the Board finds that the April 2013 rating decision was not final due to new and material evidence having been submitted within one year of the decision. As such, the Veteran’s argument regarding a CUE in the April 2013 rating decision is moot.

Accordingly, the Board concludes that an earlier effective date of June 15, 2011, but no sooner, is warranted for the award of entitlement to a TDIU. See 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 38 U.S.C. § 5107(b).

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Morrad

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.